## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | | |
|---|---|---|
| **CALVIN JONES on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § | |
| **2304 Bemiss Road, Apt. C Valdosta, GA 31602** | § § § | |
| **Plaintiff,** | § § § | **CIVIL ACTION NO. :_____** |
| **V.** | § § | |
| **TECH USA, INC.** | § § § | |
| **A Maryland Corporation** | § § | |
| **8334 Veterans Highway Millersville, MD 21108 (Anne Arundel County)** | § § § § | |
| **Defendant.** | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1.      Plaintiff Calvin Jones and the employees he seeks to represent ("Class Members") are current and former employees that Defendant Tech USA, Inc. ("Defendant") failed to pay overtime at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.  Defendant knowingly and deliberately failed to compensate Plaintiff and the Class Members overtime pay at the rate required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a).

2.      Defendant violated the FLSA by paying the Plaintiff and Class Members less than time and one half their regular rates of pay for all hours worked over 40 in a workweek.  Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid overtime wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff also

prays that the class of similarly situated worked be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## SUBJECT MATTER JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue is proper in this District because Defendant maintains its headquarters in this district, the decision to pay the Plaintiff and Class Members in the illegal manner alleged herein was made in this district, and pay records and other records are maintained in this district.

## PARTIES AND PERSONAL JURISDICTION

5.      Plaintiff Calvin Jones is an individual residing in Georgia.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6.      The Class Members are all current and former employees of Defendant who were paid an hourly rate of pay without overtime at the rate of time and one half their regular rate of pay for those hours worked over 40 in a workweek at any time during the three-year period before the filing of this Complaint.

7.      Defendant Tech USA, Inc. is a company organized under the laws of Maryland. Defendant may be served process through its registered agent Thomas B. Howell at 8334 Veterans HWY, 2nd Floor, Millersville, MD 21108.

8.      This Court has personal jurisdiction over Defendant because it Defendant is a Maryland corporation with its principal place of business in this state.

## COVERAGE

9.      At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

10.      At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

11.      At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12.      Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13.      At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

14.      Defendant is a staffing company that places workers with its client companies in the information technology and telecommunications industries across the U.S.  Defendant's website states as follows:

**Scalable and Flexible Workforce Solutions**

Tech USA's IT Services division is customer driven and quality focused. We understand that every client and project may require a unique solution, whether it's delivering the right individual or an entire project team. By utilizing cutting-edge technologies, tools and processes, we increase productivity and deliver cost-effective solutions. Whether you're looking for a company that is capable of managing a nationwide deployment, custom developed applications, outsourced project management, or staff augmentation, we will help you meet your organizational goals.

Tech USA Service Offerings:

- Contract
- Contract to Hire
- Direct Placement
- Retained Solutions
- Project-based Solutions

Below you will find a list of just some of the positions and skills that Tech USA's Information Technology Division will be able to assist you with.

| | |
|---|---|
| Web Services | .NET Developer |
| C# Developer | J2EE Developer |
| Java Developer | Database Developer |
| Database Administrator | Data Warehouse |
| Oracle | PeopleSoft |
| Circuit Design & Provisioning | Network/Head-End Engineering |
| Business Analyst | Project Manager |
| SAP | Desktop Support Technician |
| Field Technician | Help Desk Technician |
| A+ | MCSE |
| CCNE/CCNA | Security Engineer |
| Systems/Network Engineer | Equipment Engineering |
| Fiber Installation | Cell Site & Switch Installation |
| Field Engineering | NOC/Field Support |
| Network Security | Quality Assurance Analyst |

(https://www.techusa.net/divisions/information-technology/, last visited April 9, 2020)

15.     Defendant employs workers across the U.S., including in Arizona, Illinois, Georgia, Florida, California, Mississippi, Pennsylvania, New York, and Texas.

16.     Plaintiff worked for Defendant as a field technician from approximately January 2017 to January 2019.

17.     Plaintiff was paid an hourly rate of pay by Defendant.

18.     For example, Plaintiff's offer letter states:

Dear Calvin,

Congratulations! Tech USA is very pleased to offer you, as provided in the enclosures, $25.00 an hour for the hours you work and $100.00 per diem per day worked in the Install Technician position on assignment to SAC Wireless.

19.    Plaintiff was not paid a weekly, guaranteed salary.  Instead, his pay varied based upon the number of hours worked.

20.    Additionally, Defendant illegally classified wage payments to Plaintiff as an expense reimbursement.

21.    Plaintiff's per diem constitute wages as a matter of law because the amount paid by Defendant were based upon the amount of time worked.  That is, the per diems were not based upon actual expenses, but were based upon the amount of time worked.  In these circumstances, the per diem is a wage payment that must be included in the regular rate of pay. *Gagnon v. United Technisource, Inc*., 607 F.3d 1036 1041-42 (5th Cir. 2010).

22.    Even if these payments were not based upon the amount of time worked, they still should have been included in the regular rate of pay.  There is a two part test to determine whether an expense reimbursement constitutes wages that must be included in the regular rate of pay.  First, the determination must be made as to whether the payment is primarily for the **benefit or convenience** of the employee versus the employer.  If the expense payment is primarily for the "benefit or convenience" of the employee, then the payment constitutes wages as a matter of law.

Section 778.217(d) states as follows:

The expenses for which reimbursement is made must, in order to merit exclusion from the regular rate under this section, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. **If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby**. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. **If the employer reimburses him for these**

5

**normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses."** Whether the employer "reimburses" the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay as discussed in § 778.116.

*Id* at § 778.217(d) (emphasis added).

23.     If the expense payment is primarily for the "benefit or convenience" of the employer, then the analysis shifts to the second step: whether the amount paid by the employer to the employee was reasonable.  This part of the test requires an examination into the reasonableness of the amount of the reimbursement.   Any amount in excess of the actual or reasonably approximate amount of the expense will be included in the regular rate, and due to this inclusion, will be multiplied by one and one half to derive the appropriate amount of overtime.  *See* Wage and Hour Division Opinion Letter, March 10, 1993, *available at* 1993 WL 901152.   These payments must be included in the regular rate because not doing so "would allow employers to 'evade the overtime requirements with ease.'"  *Reich v. Interstate Brands, Corp*., 57 F.3d 574, 577 (7th Cir. 1995).

24.     Here the payments were for the benefit and convenience of Plaintiff and the FLSA Class Members.  The per diem was unrelated to any actual work related expenses.

25.     Further, even if they were not primarily for the benefit and convenience of Plaintiff and the FLSA Class Members, the payments excluded from the regular rate of pay were substantially greater than the actual or reasonable approximation of the Plaintiff's and FLSA Class Members' expenses.  Thus, the per diems bore no reasonable relationship to actual expenses that were incurred.

26.     Under nearly identical facts, "expense reimbursements" and "per diems" have been held to be wages that should have been factored into the regular rate of pay for purposes of

calculating overtime pay.  *See Hanson v. Camin Cargo Control,* 2015 WL 1737394 (S.D. Tex. Apr. 16, 2015).

27.     As a result of Defendant's pay policies, when Plaintiff worked more than 40 hours in a week, he was not paid at the rate of time and one half his regular rate of pay for all hours worked.

28.     That is because Plaintiff was misclassified by Defendant as exempt from overtime.

29.     Plaintiff regularly worked more than 40 hours in a week.  Defendant scheduled Plaintiff to work at least 10 hours each day during the majority of the days that he worked for the Defendant.  Plaintiff was also required to work on the weekends.  Therefore, Plaintiff worked in excess of 60 hours per week at times.

30.     Additionally, the Class Members also regularly worked more than 40 hours in a workweek for Defendant.

31.     The Class Members also were paid an hourly rate of pay but were not paid at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.

32.     The Plaintiff and Class Members were not exempt from the overtime requirements under the FLSA.

33.     They were not paid a guaranteed, minimum salary.  They were paid on an hourly basis.

34.     Defendant's method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

35.     No exemption in the FLSA shelters Defendant from paying overtime to the Plaintiff and Class Members.

36.     None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable to the Plaintiff or the Class Members because they were not paid on a "salary" basis or "fee" basis as required under 29 U.S.C. § 213(a)(1).

37.     Additionally, the primary duty of the Plaintiff and Class Members was not to supervise other employees or manage a customarily recognized department of Defendant's company.

38.     The Plaintiff and Class Members had no authority to hire or fire other employees.

39.     The primary duty of the Plaintiff and Class Members was to perform work related to Defendant's core business, not the management of the company's operations.

40.     The primary duty of the Plaintiff and Class Members did not require independent judgment or discretion.

41.     The primary duty of the Plaintiff and Class Members was not computer-systems analysts, computer programmers, software engineers, or other similar employees.

42.     As a result of Defendant's pay policies, Plaintiff and the Class Members were denied overtime pay.

43.     Defendant knew or showed reckless disregard for whether Plaintiffs and the Class Members were entitled to overtime pay under the law.  In particular, Defendant is a large company that knew about the requirement to pay overtime pay.  However, Defendant refused to pay overtime wages as part of a well calculated scheme to lower labor costs.  The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

44.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

45.     Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

46.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

48.     As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

49.     Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

50.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.  Plaintiff personally worked with other employees who were also paid in a similar manner during his employment with Defendant.

51.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

52.     Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

53.     Class Members perform or have performed the same or similar work as Plaintiff and were not paid overtime by Defendant.

54.    Class Members were also paid an hourly rate but were not paid at the rate of time and one half their regular rate of pay for all hours worked over 40 in a workweek.

55.    Class Members are not exempt from receiving overtime pay under the FLSA.

56.    As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

57.    Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any Class Member.

58.    The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the Class Members.

59.    The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

60.    All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

61.    Although the exact amount of damages may vary among the Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

62.    As such, the class of similarly situated Plaintiffs for the Class is properly defined as follows:

> **All current and former employees of Defendant who were paid an hourly rate of pay without overtime at the rate of time and one half their regular rate of pay for those hours worked over 40 in a workweek at any time during the three-year period before the filing of this Complaint.**

## JURY DEMAND

63.      Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

64.      For these reasons, Plaintiff and Class members respectfully request that judgment

be entered in their favor awarding the following relief:

      a.  An order designating the Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members to permit them join this action by filing a written notice of consent;

      b.  A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

      c.  An order awarding attorneys' fees, costs, and expenses;

      d.  Pre- and post-judgment interest at the highest applicable rates; and

      e.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By:   */s/ Don J. Foty*
      Don J. Foty
      (will apply for admission pro hac vice)
      dfoty@kennedyhodges.com
      Texas State Bar No. 24050022
      4409 Montrose Blvd, Ste. 200
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116

      And

By: */s/ Kelly E. Cook*
      Kelly E. Cook
      Maryland Bar No. 16585
      Wyly & Cook
      4101 Washington Avenue, 2nd Floor
      Houston, Texas 77007

T: [713] 236-8330 F: [713] 863-8502
kcook@wylycooklaw.com

Attorneys for Plaintiff and Class Members